**FILED**
**Jul 15, 2021**
**02:45 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **SANTOS AREVALO,** | ) | **Docket No. 2020-05-0992** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 67126-2020** |
| **STEVE HOOD,** | ) | |
| **Uninsured Employer.** | ) | **Judge Robert Durham** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court on July 7, 2021 for an Expedited Hearing. Mr. Arevalo sought benefits after suffering amputations to three fingers on his left hand in a lawnmower accident while working for Mr. Hood. The Court holds that Mr. Arevalo is not likely to prove at trial that Mr. Hood had five or more employees; thus, Mr. Hood is not obligated to provide workers' compensation benefits.

### History of Claim

On September 22, 2020, while working for Mr. Hood, Mr. Arevalo reached his left hand under a lawnmower while the blades were still turning. When he did so, the mower blades partially amputated his index, middle, and ring fingers.

At the hearing, Mr. Arevalo's evidence was primarily about Mr. Hood's conduct after the accident and what he perceived to be a callous disregard for his well-being. He did not produce any evidence about the number of employees working for Mr. Hood.

According to an Expedited Request for Investigation Report, Mr. Arevalo told the Bureau's compliance specialist that Mr. Hood had only one other part-time employee. Mr. Hood told the specialist that, while he might occasionally hire part-time labor to help Mr. Arevalo, he never had more than five employees at once. After his investigation, the specialist concluded that Mr. Hood did not have five employees.

1

**Findings of Fact and Conclusions of Law**

To receive benefits, Mr. Arevalo must show that he is likely to prove at trial all the elements necessary to prevail in a workers' compensation claim. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Here, Mr. Arevalo sustained a serious injury to his left hand while working for Mr. Hood. However, this does not automatically entitle him to benefits. He must also show that Mr. Hood meets the definition of an employer subject to the Workers' Compensation Law. An "employer" is defined under Tennessee Code Annotated section 50-6-102(13) (2020) as "any individual . . . using the services of not less than five (5) persons[.]"

The undisputed evidence is that Mr. Hood did not employ five or more people in his landscaping business. Accordingly, the Court holds Mr. Arevalo did not show that he is likely to prove at trial that Mr. Hood was an employer as defined by the statute and thus required to provide workers' compensation benefits. While Mr. Arevalo clearly suffered a serious injury, and the Court has the greatest sympathy for his situation, it must deny his claim for benefits at this time.

This case is set for a Scheduling Hearing on August 17, 2021, at 9:00 a.m. Central Time. The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED July 15, 2021.**

ROBERT DURHAM, JUDGE
Court of Workers' Compensation Claims

2

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

Exhibits:
1. Affidavit of Santos Arevalo
2. Translation of Mr. Arevalo's affidavit
3. UEF Investigator's Report
4. UEF Investigator's Conclusion
5. Picture of lawnmmower

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on July 15, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Santos Arevalo | X | | | 906 Hunt Street Murfreesboro, TN 27130 |
| Steve Hood | | | X | 4151 Avalon Place Murfreesboro, TN 37218 |

_____
**PENNY SHRUM, COURT CLERK COURT**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

3



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*